```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON


DAVID ALLEN HICKS,

        Movant,

v.                                CASE NO. 2:05-cr-00040
                                  CASE NO. 2:10-cv-01155

UNITED STATES OF AMERICA,

        Respondent.
```

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody (docket # 303). The United States has filed a motion for an order directing Movant's former counsel to provide information to the United States concerning Movant's claims of ineffective assistance of counsel (# 321), noting the potential applicability of ABA Formal Opinion 10-456.

The Local Rules for this District with respect to Codes of Professional Conduct provide as follows:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

LR Civ P 83.7.

The Supreme Court of Appeals of West Virginia has promulgated

two Rules of Professional Conduct: Rule 1.6, "Confidentiality of information," and Rule 1.9, "Conflict of interest: Former client," which bear on the issue. Rule 1.6 reads as follows:

> (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).
>
> (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
> (1) to prevent the client from committing a criminal act; or
> (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of a client.

Rule 1.9 provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
> (a) represent another person in the same or substantially related matter in which that person's interest[s] are materially adverse to the interests of the former client unless the former client consents after consultation; or
>
> (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.

The commentary which accompanies West Virginia Rule 1.6 cautions that "disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence, the disclosure should be made in a manner which limits access to the

information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable."

The American Bar Association's Model Rule of Professional Conduct 1.6, states:

> Rule 1.6 Confidentiality of Information
> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent[1], the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
>> (1) to prevent reasonably certain death or substantial bodily harm;
>> (2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
>> (3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
>> (4) to secure legal advice about the lawyer's compliance with these Rules;
>> (5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>> (6) to comply with other law or a court order.

---

[1] "Informed consent" is defined in Model Rule 1.0(e) as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.

ABA Model Rule 1.9 addresses a lawyer's "Duties to Former Clients:"

* * *

>   (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>     (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>     (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The commentary which accompanies ABA Model Rule 1.6 explains that subparagraph (b) "permits disclosure only to the extent the lawyer reasonably believes is necessary to accomplish one of the purposes specified." Like the West Virginia commentary, "the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable."

The ABA's Standing Committee on Ethics and Professional Responsibility issued, on July 14, 2010, Formal Opinion 10-456, "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim:"

>   Although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information, that information still is protected by Model Rule 1.6(a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies. Under Rule 1.6(b)(5), a lawyer may disclose information protected by the rule only if the lawyer

4

> "reasonably believes [it is] necessary" to do so in the lawyer's self-defense. The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel. However, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.

Formal Opinion 10-456, at 1 (July 14, 2010). Movant lists in his § 2255 Motion the following grounds for relief which implicate Formal Opinion 10-456:

> Ground one: Ineffective assistance of counsel which denied Movant a fair trial as a direct result of a plethora of errors.[2]
>
> Ground four: Trial counsel's failure to raise the meritorious issue of prosecutorial misconduct for NOT divulging exculpatory evidence.

(# 303, at 7, 11.)[3]

Movant's trial attorneys, Troy N. Giatras and Nicholas S. Preservati, have not responded to the motion. Movant's appellate attorney, David Schles, responded in opposition (# 322).[4] Mr. Schles contends, first, that the Court must find that Movant has asserted claims against a particular former counsel before the

---

[2] Movant submitted a Memorandum which describes purported errors of counsel over 35 pages (# 304, at 32-67).

[3] Movant submitted a "Supplemental/Amended Brief" (# 320) on December 6, 2010, which alleges prosecutorial misconduct as an additional ground for relief.

[4] Based on a review of Movant's grounds for relief, it appears that Movant does not raise a claim of ineffective assistance of counsel as to Mr. Schles.

5

self-defense exception applies.  Id. at 1-2.  Second, based on the two-prong test enunciated in Strickland v. Washington, 466 U.S. 688 (1984) (conduct falling below an objective standard of reasonableness plus prejudice), he argues that disclosure would not be warranted and would be unnecessary if Movant were not prejudiced by the alleged error; thus, Mr. Schles suggests that the Court must first find that Movant was prejudiced by an alleged error before it requires disclosure.  Id. at 2.

The United States contends that ABA opinions are not binding on any attorney, even those licensed or practicing in states that have adopted the ABA Model Rules of Professional Conduct.  (# 321, at 3.)  The government argues that this Court should reject Formal Opinion 10-456 because "the plain language of Rule 1.6 does not require court-supervised disclosure of confidential information by lawyers defending accusations of misconduct by former clients."  Id. at 5.  It asserts that this Court should also reject the Opinion's statement that attorney disclosures are only permissible "with either client consent or in a judicially supervised proceeding."  Id. at 6.  Relying on Rule 1.6, the United States argues that once a client makes allegations against an attorney, the lawyer may exercise his/her discretion as to whether to disclose such information as may be reasonably necessary to defend against the allegations; no court supervision is necessary.  Id. at 7.  The government asserts that the authorities cited by the ABA

6

Committee to support the Formal Opinion do not do so. Id. at 7-8. Finally, it contends that well-settled precedent holds that a prisoner waives the attorney-client privilege as to a particular issue when the inmate claims denial of effective assistance of counsel on that issue. Id. at 8-10.

The United States proposes that, when faced with a § 2255 motion alleging that a defendant was denied effective assistance of counsel, the Court should enter an order which finds that the defendant has impliedly waived his attorney-client privilege. Id. at 11. The government suggests that the order should direct defense counsel "to provide all information to the United States that counsel believes is reasonably necessary to respond to the allegations of ineffectiveness." Id. A proposed order was submitted. (# 321-1.)

In Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003), the Ninth Circuit, sitting *en banc*, discussed the doctrine of implied waiver of the attorney-client privilege when a convicted defendant seeks habeas corpus relief based upon alleged denial of effective assistance of counsel. It wrote that "[t]hree important implications flow from this regime." Id.

> The first is that the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose. * * *
>
> Second, the holder of the privilege may preserve the

>confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition. * * *
>
>Finally, if a party complies with the court's conditions and turns over privileged materials, it is entitled to rely on the contours of the waiver the court imposes, so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing its claims.

Id. at 720-21. The Ninth Circuit upheld a protective order entered by the district court, precluding use of privileged attorney-client materials for any purpose other than litigating the federal habeas petition. Id. at 728.

In United States v. Nicholson, 611 F.3d 191, 216-17 (4th Cir. 2010), the Fourth Circuit cited Bittaker favorably in reversing denial of habeas corpus relief in a case in which the defense attorney labored under a conflict of interest. The Fourth Circuit appears to have approved a narrow implied waiver rule, and quoted from Bittaker. Id. at 217. The Court concluded by holding that the prisoner "should be entitled to a protective order prohibiting the Government from using privileged information revealed by [his lawyer] in litigating Nicholson's actual conflict of interest claim." Id. at 217.

The undersigned concludes that in the context of either a § 2254 petition or a § 2255 motion alleging denial of effective assistance of counsel, the Fourth Circuit is likely to approve only a narrow implied waiver of the attorney-client privilege, combined with the potential availability of a protective order to insure

that privileged information is used only for the purpose of litigating the federal habeas corpus claim. Given this conclusion and the commentary accompanying West Virginia and ABA Rules 1.6, it appears to be necessary for the district courts, when considering habeas corpus petitions alleging denial of effective assistance of counsel, to supervise the government's requests for disclosure of privileged communications between defendant and defense attorney. Formal Opinion 10-456 is firmly based on the commentary to ABA Rule 1.6, which is consistent with West Virginia Rule 1.6 and its comment. As such, the undersigned finds that the Motion for an Order Directing Movant's Former Counsel to Provide Information to the United States Concerning Movant's Claims of Ineffective Assistance of Counsel seeks relief which is overbroad. It is hereby **ORDERED** that the Motion (# 321) is denied without prejudice.

Rule 4 of the Rules Governing Section 2254 Cases and the Rules Governing 2255 Proceedings provides that habeas corpus petitions and § 2255 motions must be subject to preliminary review, to determine whether "it plainly appears" that the defendant is not entitled to relief. Virtually all habeas corpus petitions and § 2255 motions allege denial of effective assistance of counsel. Thus district courts routinely review such claims applying the familiar standards of Strickland v. Washington, often without requiring the filing of a response by the government.

When a response to allegations of ineffective assistance of

counsel is necessary, the government is often able to rely upon transcripts to refute the claims, and need not contact defense counsel. Until courts develop precedent on this matter (computer-assisted legal research indicates there is no case citing ABA Formal Opinion 10-456), this judicial officer intends to take a sequential approach, *i.e.*, conducting preliminary review, requiring a response if necessary, considering whether a defendant has met the prejudice prong of Strickland and, if so, supervising limited but necessary disclosure of privileged communications.

By Order entered December 15, 2010 (# 324), the undersigned the briefing schedule pending a ruling on this motion. It is hereby **ORDERED** that the government's response to the § 2255 motion, as supplemented, shall be filed by **January 28, 2011**. Movant's reply shall be filed by **February 25, 2011**.

The Clerk is requested to mail a copy of this Order to Movant, and to transmit it to counsel of record.

ENTER: December 28, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge