UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID ALLEN HICKS,

      Movant

v.                                    CIVIL ACTION NO. 2:10-1155
                                      (Criminal No. 2:05-00040)

UNITED STATES OF AMERICA,

      Respondent


<u>MEMORANDUM OPINION AND ORDER</u>


This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On March 7, 2006, the United States filed a Fourth Superseding Indictment. Counts One through Three charged movant with the production of child pornography in violation of 18 U.S.C. 2251(b). Count Four charged him with interstate travel to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2241(c). Count Five charged his transportation of a minor with the intention of engaging in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). Count Six charged him with the receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Counts Seven and Eight alleged movant's possession of child pornography in violation of 18 U.S.C. 2252(a)(4)(B).

Following a five-day jury trial that commenced on
January 17, 2007, the jury returned its verdict of guilty as to
Counts One through Two and Six through Eight, the remaining three
counts having been either severed or dismissed.  On November 6,
2007, the court entered its Judgment sentencing movant,
inter alia, to a total of 360 months imprisonment and a life term
of supervised release.  The sentences imposed on each count ran
concurrently to the 360-month sentence imposed on Count One.
Movant's direct appeal was unsuccessful.

On September 30, 2010, movant sought relief pursuant to
28 U.S.C. § 2255 as more fully described by the magistrate judge
in her PF&R.  On January 12, 2012, the magistrate judge entered
her comprehensive 88-page PF&R recommending that the court deny
the relief requested.

The time for movant to file objections was extended to
March 1, 2012.  His 80-page filing, exclusive of exhibits, was
received that date.  Movant first asserts that the search warrant
executed at his residence was invalid.  He states that the
warrant was signed on September 24, 2004, rather than September
23, 2004, when the search occurred.  He separately appears to
assert that the warrant was executed two hours before it was
signed.  He also claims that certain interviews referenced in the

2

application for a search warrant were not conducted until
September 27, 2004.

In the usual case, once a defendant receives a full and
fair opportunity to litigate a Fourth Amendment claim he cannot
re-litigate the matter in a collateral proceeding unless there
has been an intervening change in the law.  See Stone v. Powell,
428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333,
342 (1974).  The record reflects that movant received a full and
fair opportunity to litigate his Fourth Amendment challenge.  The
matter was fully briefed and the presiding judge denied the
suppression request on July 11, 2005.  The objection is thus
without merit.

Movant next challenges the legitimacy of the
superseding indictments that followed the February 17, 2005,
charging instrument.  He bases the challenge upon his view that
he was not timely charged or brought to trial.  Inasmuch as
movant has not demonstrated a violation of the Speedy Trial Act,
his objection is not meritorious.

Movant next challenges the magistrate judge's
conclusion that he was not denied the effective assistance of
counsel.  Movant asserts that he has raised "one hundred explicit
examples of prejudicial and cumulative errors" committed by his

3

trial and appellate lawyers.  (Objecs. at 14).  In view of the
magistrate judge's comprehensive analysis, the court addresses
only the most egregious alleged deficiencies.

First, movant asserts his lawyer mentioned during
opening statements that a third party, H.R., would exonerate
movant with testimony that the pornographic images found on his
computer were placed there by a hacker without movant's
knowledge.  Defense counsel was unable to find H.R. and, in any
event, was ultimately unable to later substantiate the claim --
that hacking had taken place -- with evidence during trial.  The
magistrate judge analyzed the claim as follows:

> Evidence at trial convincingly proved that the
> movant's hacker defense had no basis in fact, thus
> rendering any testimony by H.R. moot. As noted earlier,
> the movant's computer contained no viruses nor any
> evidence that it had been hacked into by a remote
> computer; his operating system was actually capable of
> detecting whether any other computer had connected to
> the computer; the third hard drive did not permit
> sharing; the fourth drive was not physically attached
> to the computer and, thus, its files could not be
> accessed by any computer; and there was no evidence of
> a necessary lap drive on the movant's computer.
>
> The impossibility of a hacker aside, the movant
> still was able to raise that possibility via his
> cross-examination of [FBI Agent] Ms. [Melinda] Cash and
> the direct testimony of Mr. Anzaldua. As the United
> States correctly notes, moreover, the "smoking gun"
> email that was allegedly seen by H.R. was never
> specifically mentioned to the jury, thus lessening the
> impact of H.R.'s absence from the trial.  To the extent
> that H.R.'s testimony might have been used to offer

other allegedly unflattering evidence about Ms. Silvey,
such evidence would have been irrelevant.

(PF&R at 61-62).  Movant counters this detailed analysis with little
more than rhetoric, failing to meet the specific reasons
identified by the magistrate judge in concluding the claim was
flawed.  The court concludes the objection is without merit.

The next ground for ineffective assistance is movant's
assertion that he was at work or involved with other matters when
much of the pornography was produced.  As noted by the United
States, and reproduced in the PF&R, movant's lawyers

issued three trial subpoenas seeking employment records
from to [sic] Pizza Hut, Papa Johns and Pomeroy
Computers. [# 181-183]. These records were not
introduced at trial. The likely reason is that the
records were of no consequence to the issues in a trial
where the child pornography files had 150 different
creation dates.  The futility of an alibi defense is
further evidenced by the fact that Defendant ceased
working at Pomeroy in April 2001 and worked as a Pizza
delivery man only on the weekends.

(PF&R at 53-54 (quoting ECF No. 332 at 25 n.14)).

Movant appears to concede that many files were created
while he was not working and available to do so.  (See Objecs. at
24 ("Appellate counsel should have shown documents contained from
trial counsel that clearly showed they had been compiling a list
of alibis that proved Movant could not have been present when a
large number of files were created." (emphasis removed)).  That

is quite significant given his apparent agreement with the United
States' "computer expert [who] testified that Movant would have
<u>had to be [sic] at the computer at EACH TIME A FILE WAS CREATED</u>
to have committed the crime!"  (Objecs. at 32).  This point
illustrates the predicament that apparently confronted his
lawyers.  Assuming that they could fashion an airtight absence
alibi as to even hundreds of the images, if they failed to do so
as to the other thousands of images found in movant's possession
they ran the risk of the government shattering their presentation
and leaving the jury with the impression of a weak defense that
suggested the truth was being hidden by movant.  That is a matter
of pure strategy and not the stuff of which Sixth Amendment
claims are made.  In light of the thousands of images at issue in
this case, movant's myopic view of the record reveals the wisdom
of counsels' strategic decision.  (<u>See</u> Objecs. at 39 (stating
"[T]here are at least <u>46</u> of the files that could not have even
posibly [sic] been created by Movant!")).

        That fact aside, the magistrate judge, at pages 54-55
of the PF&R, cogently demonstrates why movant's assertions are
not meritorious.  The court concludes the objection is without
merit.

The balance of movant's objections relating to the alleged ineffective assistance of counsel are almost entirely composed of unsupported allegations untethered to the evidentiary record.  For example, he cites by name five witnesses who were present at trial who "had already given statements that would have proved beneficial to . . . [his] vital interests."  (Objecs. at 35).  He offers no reason why that is the case.  Inasmuch as movant bears the burden to demonstrate his Sixth Amendment claims, and having failed to do so, the court concludes the objections to the magistrate judge's resolution of the <u>Strickland</u> claims are without merit.

The movant next asserts that the United States engaged in prosecutorial misconduct.  In order to make out such a claim, movant would be required to show that the Assistant United States Attorneys' remarks were improper and that they prejudicially affected his substantial rights so as to deprive him of a fair trial.  <u>United States v. Scheetz</u>, 293 F.3d 175, 185–86 (4th Cir.2002) (citing review factors).  He first complains that one of the Assistant United States Attorneys stated that he was a dedicated collector of child pornography.  He notes another statement accusing him of committing a bold-faced lie.  These isolated statements, which are not accompanied by a pinpoint citation to the record to ascertain their context, do not

approach satisfying the applicable standard.  The court concludes
that the objection is without merit.

Having considered the remaining objections, the court
concludes they too are equally without merit.  Much of movant's
80 pages of objections are devoted to casting his view of the
evidentiary record.  (See, e.g., Objecs. at 28 (noting the
"minuscule probative value" of certain testimony); id. at 25
(stating that "the evidence presented at trial is a far cry from
overwhelming"); id. at 56 (arguing that a prosecution witness
named S.P. was "untruthful and testif[ied] in the manner that
would appease the agents of the United States"); id. at 68
(noting one witness' testimony "was completely contradicted by
her own statements and obviously exaggerated at every turn to a
new level.").

The conflicts in the evidence were resolved by the
jury.  Defendant's persistent refusal to accept that verdict does
not in any way fortify his section 2255 motion.  (See, e.g.,
Sent. Trans. at 22 (sentencing judge stating "I note with
considerable emphasis the blatant perjury of this defendant at
the trial in this case and his continued denial of undeniable
facts.").

Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R.  The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: July 17, 2012

John T. Copenhaver, Jr.
United States District Judge